THACKSTON & CO. v. KENNEMORE.

MAGISTRATE COURT—SUPREME COURT—FINDING OF FACT by a Circuit Judge in a case on appeal from a magistrate's court is not reviewable by this Court.

Before TOWNSEND, J., Pickens, July, 1897. Affirmed.

Action by W. F. Thackston & Co. against Margaret E. Kennemore, in magistrate court. Judgment for plaintiffs. Defendant appeals. Complaint dismissed. Plaintiffs appeal.

*Mr. J. A. McCullough*, for appellant, cites: *Agent has no authority to employ an agent:* 50 Ala., 347; 9 Heisk., 147; 56 Ia., 567; 4 DeS. Eq., 19; 3 Strob., 642; 14 S. E. R., 488. *Circuit Judge could not dismiss complaint:* Code, 368; 19 S. C., 126.

*Mr. J. P. Carey*, contra, cites: *Agent cannot delegate his authority:* 1 McM., 453; 11 How., 209; 50 Amer. St. R., 110; 91 U. S., 308.   *Agent to sell cannot bind principal to pay commissions to another:* 42 Am. Rep., 385; 11 How., 209; 21 N. Y. Supp., 952.   *Agent can only look to employer for compensation:* 2 Johns Ch., 327; 8 Ohio St., 276; 25 S. W. R., 465; 3 Story, 646.   *Circuit Judge could dismiss complaint:* Code, 368; 35 S. C., 569.

July 16, 1897.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  This is a suit, commenced in a magistrate court, wherein plaintiffs complained that defendant was "indebted to them in the sum of $50, on account for services rendered by them in the sale of a certain lot on Highland avenue, in the city of Greenville, which services were reasonably worth the sum of $50, and which amount your (defendant's) agent, E. E. Kennemore, agreed to pay them therefor."  On trial in the magistrate's court, the jury found a verdict for $33 in favor of plaintiffs, and judgment was rendered accordingly.  The Circuit Court on appeal reversed this judgment and dismissed the complaint on the ground that "there is no evidence whatever that the defendant ever authorized E. E. Kennemore to contract with the plaintiffs or any one else to pay them commission or to procure them to sell her land, or even knew of it, and said verdict and judgment are without evidence to sustain them."

This judgment of the Circuit Court necessarily involves a finding of fact that defendant did not authorize E. E. Kennemore to contract with plaintiffs in reference to the sale of said property.  Such finding of fact is conclusive on this Court. *Redfearn* v. *Danglors*, 35 S. C., 569.  It follows that there was no error of law in reversing the judgment of the court of magistrate and in dismissing the complaint.  Exceptions overruled.

The judgment of the Circuit Court is affirmed.